■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE WIGGINS, Appellant.— Judgment unanimously reversed on the law, the facts and in the interests of justice as to the conviction of the crime of robbery in the second degree, the judgment of conviction of robbery vacated, and a new trial directed as to that crime, and the judgment appealed from is otherwise affirmed. While the defendant raises several arguments, only two are deemed necessary of discussion in light of the action now taken. It is contended that the admission of evidence of a previous crime of robbery constituted prejudicial error. This contention is predicated upon certain testimony of the complainant with respect to another crime committed upon the witness by defendant on an earlier occasion. That crime was a robbery also for which defendant had been indicted but a severance had been granted and the defendant was on trial for the subsequent robbery only. The theory of the People was that defendant by his cross-examination had opened the door to such testimony. Additionally, the People placed in evidence a fingerprint card which, on the reverse side, contained a statement of a previous conviction of defendant for the crime of rape. There is no indication that either the District Attorney or defense counsel was aware of such statement at the time it was offered in evidence nor later when the jury was permited to examine the card. Subsequently the People discovered the fact of the notation, properly called the same to the attention of the court which, by interrogation of the jurors individually, sought to obviate or overcome

any prejudice to the defendant, even to the extent of excusing one juror and an alternate juror (cf. *People* v. *Epps,* 21 A D 2d 650). Some of the court accepts the theory of the People with respect to the admissibility of the evidence of the separate and previous crime and would not reverse on that single ground. However, it cannot be said that the two items, cumulatively, when considered with the interrogation of the jurors which, however well intentioned, probably posed as many questions as it answered, did not redound unfairly to the prejudice of the defendant so as to deprive him of the right to a fair trial, particularly since defendant did not take the stand. This principle must be safeguarded even when, upon the evidence, no doubt might be entertained as to the guilt of the defendant. The jury should be free to reach its conclusion of guilt or innocence based upon proper evidence and not exposed to the influence of information of a prior conviction where, as here, the defendant did not take the stand (cf. *People* v. *Mleczko,* 298 N. Y. 153). Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.